# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH,<br><br>            Plaintiff,<br><br>    v.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>            Defendants.<br>_____/ | 1:09-cv-02097-AWI-GSA-PC<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 1.)<br><br>THIRTY DAY DEADLINE |

**I.   RELEVANT PROCEDURAL HISTORY**

Anthoney Lynch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 12, 2009. (Doc. 1.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

### III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. At the time of the events at issue in the Complaint, Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP"), in Coalinga, California. Plaintiff names five John/Jane Doe Defendants: Warden of PVSP, Assistant Warden of PVSP, State Prison Commissioner, Unknown Municipality, and Unknown Construction Company ("Defendants").

Plaintiff alleges that while he was housed at PVSP from March 2000 to December 2002, John Doe authorized the construction of a lockup/medical facility that caused contaminated soil to become airborne and caused Plaintiff to contract the disease known as Valley Fever. Plaintiff was hospitalized for nearly ten months and endured two open chest surgeries, two back surgeries, multiple aspirations, and a grueling nine-month intravenous program that caused Plaintiff to lose over thirty pounds. It has been recommended that Plaintiff endure two more open chest surgeries. Plaintiff has suffered from Valley Fever for over five years and has suffered back pain, headaches, multiple back surgeries, and back aspirations, all while being misdiagnosed.

Plaintiff requests monetary damages as relief. Plaintiff also requests a court order directing PVSP to provide him with information to assist in the litigation of this action.

### IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Medical Claims

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that the defendants knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff alleges that Defendants knew or should have known the danger posed to human life before constructing the lockup/medical facility, yet they still chose to construct on contaminated soil. Plaintiff has not set forth sufficient factual matter to state a claim against any of the defendants. The Complaint is devoid of any factual allegations supporting a claim that prison officials, the municipality, or the construction company knowingly disregarded a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847. Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060; and Plaintiff's reliance upon legal conclusions does not support a plausible claim for relief, Iqbal, 129 S.Ct. at 1949-50. Plaintiff fails

to demonstrate that any individual defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  In fact, Plaintiff does not name, or refer to, any individual defendant in his recitation of allegations in the Complaint.  Thus, the Court finds that Plaintiff has not stated any viable claims under section 1983.

### B. Doe Defendants

All of the Defendants named in the Complaint are John/Jane Doe Defendants who are not identified by name.  Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### C. Official Capacity

Plaintiff seeks to establish liability against Defendants in both their individual and official capacities.  Plaintiff may not bring a suit for damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Therefore, Plaintiff fails state a claim for damages against any of the Defendants in their official capacities.

**D.     Request for Court Order**

Plaintiff requests a court order directing PVSP to provide Plaintiff with the Defendants' names and information about grievances and lawsuits concerning Valley Fever. The information sought by Plaintiff is more suitably requested through the discovery process.

At this juncture, Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend. After the First Amended Complaint is filed, the Court is required to conduct a screening to determine if Plaintiff states any cognizable claims. If the Court finds cognizable claims and determines the case shall proceed, the Marshal will be directed to serve process upon the defendants. After defendants appear in the action, the Court shall issue an order commencing discovery. Plaintiff may request information from the defendants during discovery.

At this stage of the proceedings, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Therefore, Plaintiff's request for a court order shall be denied as premature.

**V.     CONCLUSION**

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.' Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified above within thirty days.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

5

1    Plaintiff should note that although he has been given the opportunity to amend, it is not for
2 the purpose of adding new, unrelated claims. In addition, Plaintiff should take care to include only
3 those claims that have been administratively exhausted.

4    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
5 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
6 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
7 amended complaint is filed, the original complaint no longer serves any function in the case.
8 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
9 of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly
10 titled "First Amended Complaint," refer to the appropriate case number, and be an original signed
11 under penalty of perjury.

12    Based on the foregoing, it is HEREBY ORDERED that:

13    1.   Plaintiff's Complaint, filed on December 2, 2009, is dismissed for failure to state a
14         claim, with leave to amend;
15    2.   Plaintiff's request for a court order directing PVSP to provide Plaintiff with
16         information is DENIED as premature;
17    3.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
18    4.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
19         First Amended Complaint curing the deficiencies identified in this order;
20    5.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer
21         to the case number 1:09-cv-02097-AWI-GSA-PC;
22    6.   If Plaintiff fails to comply with this order, it will be recommended that this action be
23         dismissed for failure to state a claim.

25    IT IS SO ORDERED.

26    Dated:   **April 14, 2011**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

6