# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH, | 1:09-cv-02097-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST TO ADD INFORMATION PIECEMEAL TO FIRST AMENDED COMPLAINT |
| v. | (Doc. 23.) |
| WARDEN OF PLEASANT VALLEY STATE PRISON, et al., | ORDER REQUIRING PLAINTIFF TO EITHER: |
| Defendants. | (1) FILE SECOND AMENDED COMPLAINT, OR |
| | (2) NOTIFY COURT THAT HE DOES NOT WISH TO AMEND |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT |

**I. BACKGROUND**

Anthoney Lynch ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 2, 2009. (Doc. 1.)  The Court screened the Complaint and entered an order on April 14, 2011 dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On October 12, 2011, Plaintiff filed the First Amended Complaint. (Doc. 22.) On November 17, 2011, Plaintiff lodged a one-page document entitled "Second Amended Complaint in Support of Injunctive Relief." (Doc. 23.)

**II.  LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT**

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to add information to First Amended Complaint.  However, under Rule 220, Plaintiff may not amend the complaint by adding information or exhibits piecemeal after the complaint has been filed.[1]  To add a claim for injunctive relief to the First Amended Complaint, Plaintiff must file a new Second Amended Complaint which is complete within itself.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

---

[1] The one-page document submitted by Plaintiff on November 17, 2011 indicates that Plaintiff is submitting "the following exhibits" in support of a request for injunctive relief.  (Doc. 23 at 1.)  However, Plaintiff is advised that no exhibits were received by the Court.

delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff shall be granted leave to file a Second Amended Complaint to add a request for injunctive relief, if he so wishes. The Court finds no evidence that Plaintiff seeks to amend the complaint in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or is futile. Therefore, Plaintiff shall be granted thirty days in which to file a Second Amended Complaint. If Plaintiff does not wish to file a Second Amended Complaint, he must so notify the Court within thirty days.

Should Plaintiff choose to amend the Complaint, Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants for unrelated claims. In addition, plaintiff should take care to include only those claims that have been administratively exhausted.

The amended complaint, if any, should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to add information piecemeal to the First Amended Complaint is DENIED;

2. Plaintiff is granted leave to file a Second Amended Complaint to add a request for injunctive relief, if he so wishes;

3

3. The Clerk of the Court shall send one civil rights complaint form to Plaintiff;

4. Within thirty days from the date of service of this order, Plaintiff shall either:

   (1) File a Second Amended Complaint that is complete within itself; or

   (2) Notify the Court that he does not wish to file a Second Amended Complaint;

5. The amended complaint, if any, should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to case number 1:11-cv-01151-GSA-PC, and be an original signed under penalty of perjury; and

6. Failure to comply with this order may result in the dismissal of this action for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **December 8, 2011**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE