# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH, THIBODEAUX, and WILLIE JONES,<br><br>                 Plaintiffs,<br><br>  v.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>                 Defendants.<br>_____/ | 1:09-cv-02097-AWI-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 22.)<br><br>ORDER DENYING LEAVE TO PROCEED AS CLASS ACTION<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS THIBODEAUX AND WILLIE JONES<br><br>THIRTY DAY DEADLINE FOR ALL THREE PLAINTIFFS TO EACH FILE A SECOND AMENDED COMPLAINT IN THEIR OWN CASES<br><br>FORTY-FIVE DAY DEADLINE FOR PLAINTIFFS THIBODEAUX AND WILLIE JONES TO EACH SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEES, IN THEIR OWN CASES |

## I. PROCEDURAL HISTORY

Plaintiffs Anthoney Lynch, Thibodeaux, and Willie Jones ("Plaintiffs") are state prisoners proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Anthoney Lynch filed the Complaint commencing this action on December 2, 2009. (Doc. 1.) On January 8, 2010, the Court granted Plaintiff Lynch leave to proceed in forma pauperis. (Doc. 10.) On April 14, 2011, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 13.)

1

On October 12, 2011, Plaintiffs Lynch, Thibodeaux (K-17185) and Willie Jones (D-41027) filed the First Amended Complaint. (Doc. 22.) The First Amended Complaint is now before the Court for screening.

## II.   SUMMARY OF AMENDED COMPLAINT

Plaintiff Anthoney Lynch is presently incarcerated at California State Prison-Los Angeles in Lancaster, California. It appears that Plaintiff Thibodeaux is presently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, and that Plaintiff Willie Jones is presently incarcerated at Avenal State Prison ("ASP") in Avenal, California.[1] The First Amended Complaint names as defendants Gail Lewis (Warden, PVSP), City of Coalinga, City of Corcoran, City of Avenal, John Doe 1 (Assistant Warden, PVSP), John Doe 2 (Chief Medical Officer, PVSP/ASP/CSP), John Doe 3 (Regional Medical Director, PVSP/ASP/CSP), and John Doe 4 (Secretary of Corrections, PVSP/ASP/CSP) ("Defendants").

Plaintiffs allege as follows in the First Amended Complaint.

Plaintiffs suffer from the disease known as Valley Fever, which they contracted while incarcerated at California correctional facilities. Plaintiffs have endured, among them, multiple surgeries, headaches, joint pain, loss of appetite, months of hospitalization, spinal taps, and pain and suffering beyond that expected from their often harsh and restrictive conditions of confinement.

Valley Fever lays dormant in soil and becomes airborne when the soil is disturbed by wind, construction, etc. The disease originated in the Central Valley of California, and PVSP, ASP, and CSP have been labeled hyperendemic areas for the disease. During the time that Plaintiff Lynch was housed at PVSP, construction of a lockup/medical facility took place, but Lynch was not given a breathing mask. None of the Plaintiffs were warned by prison officials or prison medical staff that they were being exposed to a deadly disease by being imprisoned; their health was not monitored for Valley Fever; and they were not given a choice to transfer to other institutions. Plaintiffs also allege that prison staff was not properly trained to respond to outbreaks of Valley Fever.

---

[1] Plaintiff Thibodeaux is identified as "Thibodeaux (K17185)" with location "CSP." (First Amd Cmp., ¶¶II.C., IV.) Plaintiff Jones is identified as "Jones (D41027)" with location "ASP." Id. Plaintiff Jones signed the complaint as "Willie Jones." Id. at 4.

Defendants City of Coalinga, City of Corcoran, and City of Avenal are liable for their disregard of Plaintiffs' safety due to their lack of a policy to warn Plaintiffs and monitor their health, and for failing to transfer them to safer facilities. Defendants Does 2 and 3 are liable for failing to warn plaintiffs, monitor their health, transfer them, and adequately train staff to respond to the Valley Fever outbreak. Defendants Lewis and John Doe 1 knew or should have known about the spread of the disease, and yet failed to enforce a policy to warn Plaintiffs about the disease, and failed to protect Plaintiffs. Defendant John Doe 4 was deliberately indifferent to Plaintiffs' health in failing to close down prisons in hyperendemic regions, condoning the custom of housing unwitting inmates, and neglecting to manage other Defendants to insure they were warning and monitoring inmates and staff. Further, Plaintiffs allege that Defendants condoned overcrowding in their institutions, which resulted in the contraction of Valley Fever.

Plaintiffs request money damages and injunctive relief via an order transferring Plaintiffs to a safer facility. Plaintiffs also request an order directing the California Department of Corrections and Rehabilitation ("CDCR") to provide Plaintiffs with the proper names of the Doe defendants.

### III. PLAINTIFFS' CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

#### A. Valley Fever

Plaintiffs allege that they would not have contracted Valley Fever if they had not been housed at PVSP, ASP, and CSP. "[T]o the extent that Plaintiff[s are] attempting to pursue an Eighth Amendment claim for the mere fact that [they were] confined in a location where Valley Fever

3

spores existed which caused them to contract Valley Fever, [they are] advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009). Defendants cannot, therefore, be held liable for subjecting Plaintiffs to dangerous conditions, or for a failure to protect Plaintiffs.

### B.    Access to Courts Claim

Plaintiffs allege that Defendants' failure to warn them of the presence of Valley Fever violated their rights to petition the courts for injunctive relief to avoid being housed under adverse conditions. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis at 351; Phillips, 588 F.3d at 655. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353.

Plaintiffs have not alleged facts showing that they suffered an actual injury. Plaintiffs claim that Defendants' failure to warn them prevented them from filing a complaint for injunctive relief. Such a claim is too speculative; it assumes that Plaintiffs would have filed a complaint if Defendants had warned them. Plaintiffs have not alleged facts showing that "a nonfrivolous legal claim [was] frustrated or was being impeded." Accordingly, Plaintiffs fail to state a claim for violation of their rights to access the courts.

### C.    Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

4

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

While Plaintiffs have demonstrated that they have a serious medical need, they have not alleged facts showing that any named defendant personally acted, or failed to act, with deliberate indifference to their serious medical needs. Under section 1983, a plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiffs must demonstrate that each Defendant, through his or her own individual actions, violated one or more of the Plaintiffs' constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Plaintiffs' allegations fail to establish that

any of the Defendants purposely acted or failed to respond to Plaintiffs' possible medical needs, with harm caused by the indifference. Therefore, Plaintiffs fail to state a cognizable Eighth Amendment medical claim.

### D.  Doe Defendants

Some of the Defendants named in the First Amended Complaint are Doe Defendants who are not identified by name. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiffs are advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiffs have identified them as actual individuals and amended the complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants. Plaintiffs have requested a court order directing the CDCR to provide Plaintiffs with the Doe Defendants' names. The information sought by Plaintiffs is more suitably requested through the discovery process, at a later stage of the proceedings.

### E.  Official Capacity

To the extent that Plaintiffs seek to establish liability against Defendants in their official capacities, Plaintiffs may not bring a suit for damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278,

1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).  Therefore, Plaintiffs fail to state a claim for damages against any of the Defendants in their official capacities.

## IV.  CLASS ACTION

To the extent that Plaintiffs seek to proceed with a class action, they shall not be permitted to certify this litigation as a class action.  Plaintiffs are non-lawyers proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, none of the Plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead is construed as an individual civil suit brought by plaintiffs.

## V.  SEVERANCE OF CLAIMS

After reviewing the First Amended Complaint, the Court has determined that each Plaintiff should proceed separately on his own claims.  Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the party may at any time, on just terms, add or drop a party ... or sever any claim against a party."  Fed. R. Civ. P. 21.    Courts have broad discretion regarding severance.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to

delay and confusion.  Therefore, Plaintiffs' claims shall be severed; Plaintiff Anthoney Lynch shall proceed as the sole plaintiff in this action; and new actions shall be opened for Plaintiffs Thibodeaux and Willie Jones.  Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006).  Each Plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of the Plaintiffs will be severed, each of the three Plaintiffs shall be given thirty days to file, in his own action, an amended complaint.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.   Each amended complaint must specifically state how each Defendant is involved.  Each Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiffs Thibodeaux and Willie Jones shall also be required to submit an application to proceed in forma pauperis or pay the $350.00 filing fee for their own actions, within forty-five days.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after June 6, 2008.  In addition, Plaintiffs should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 6, 2008.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function

8

in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Each amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## VI.  ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' First Amended Complaint is DISMISSED for failure to state a claim, with leave to amend;

2. This action will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiffs;

3. Plaintiff Anthoney Lynch shall proceed as the sole plaintiff in case number 1:09-cv-02097-AWI-GSA-PC;

4. The claims of Plaintiffs Thibodeaux and Willie Jones are severed from the claims of Plaintiff Anthoney Lynch;

5. The Clerk of the Court is directed to:

    a. Open separate § 1983 civil actions for these Plaintiffs:

        (1) Thibodeaux, K-17185  
            Corcoran State Prison  
            P.O. Box 8800  
            Corcoran, CA 93212

        (2) Willie Jones, D-41027  
            Avenal State Prison  
            P.O. Box 9  
            Avenal, CA 93204

    b. Assign the new actions to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new actions opened for Plaintiffs Thibodeaux and Willie Jones;

///

///

9

      d.    Place a copy of the First Amended Complaint (Doc. 22), which was filed on October 12, 2011 in the instant action, in the new actions opened for Plaintiffs Thibodeaux and Willie Jones;

      e.    Send each of the three Plaintiffs an endorsed copy of the First Amended Complaint (Doc. 22), filed October 12, 2011, bearing the case number assigned to his own individual action;

      f.    Send each of the three Plaintiffs a § 1983 civil rights complaint form; and

      g.    Send to Plaintiffs Thibodeaux and Willie Jones an application to proceed in forma pauperis;

6.    Within **thirty (30) days** from the date of service of this order, the three Plaintiffs shall each file an amended complaint bearing his own case number;

7.    Each amended complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT" and be an original signed under penalty of perjury;

8.    Within **forty-five (45) days** from the date of service of this order, Plaintiffs Thibodeaux and Willie Jones shall each submit an application to proceed in forma pauperis, or payment of the $350.00 filing fee, in his own case; and

9.    <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated:   **April 30, 2012**                    /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE