UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH,<br><br>            Plaintiff,<br><br>       vs.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>            Defendants. | 1:09-cv-02097-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAIILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (Doc. 38.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Anthoney Lynch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 2, 2009, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  On April 14, 2011, the Court dismissed the Complaint for failure to state a claim, with leave to amend.   (Doc. 13.)  On October 12, 2011, Plaintiff and two co-plaintiffs, Sterling Thibodeaux and Willie Jones, filed the First Amended Complaint.  (Doc. 22.)  On May 1, 2012, the Court severed the claims of the three plaintiffs and dismissed the First Amended Complaint for failure to state a claim, with leave for the three plaintiffs to each file a Second Amended Complaint in their own cases. (Doc. 28.)  Plaintiff now proceeds as the sole plaintiff in this action.  On October 15, 2012,

///

1

Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 38.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Los Angeles County in Lancaster, California.  The events at issue in the Second Amended Complaint occurred at

Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Gail Lewis (Warden, PVSP), Doe #1 (Assistant Warden, PVSP), Doe #2 (Chief Medical Officer, PVSP), Doe #3 (Regional Medical Director, PVSP), Doe #4 (Secretary of Corrections, PVSP), and the City of Coalinga.  Plaintiff factual allegations follow.

Plaintiff was transferred to PVSP in March 2000.  Defendants knew, sometime before his arrival, about the outbreak of the disease known as Valley Fever among inmates and staff at PVSP where the disease was prevalent, yet they continued to house inmates, including Plaintiff, without telling them they were being exposed to Valley Fever, and failed to monitor their health.  Plaintiff was at PVSP for three years and his health was never monitored for Valley Fever.  Plaintiff's lack of knowledge that he was being exposed to Valley Fever impeded him from filing an inmate grievance or § 1983 complaint about these conditions of his confinement.  Plaintiff contracted Valley Fever upon his arrival at PVSP.  Due to the delay in his diagnosis and treatment, Plaintiff suffered multiple surgeries, unnecessary pain, mental suffering, headaches, joint pain, chest pain, loss of appetite, and months of hospitalization.

Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.   Due Process

Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment. "To establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir.1996) (citations, internal quotations, and brackets omitted), cert. denied, 117 S.Ct. 1845 (1997); see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection ...." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### B.   Valley Fever Claim – Eighth Amendment

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile

conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).

Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

In the Second Amended Complaint, Plaintiff states that Defendants knew about the outbreak of Valley Fever at PVSP but continued to imprison inmates, including Plaintiff, without warning them or adequately monitoring their health. However, Plaintiff has not set forth sufficient factual matter to state a claim against any of the Defendants. The Second Amended Complaint is devoid of any factual allegations supporting a claim that any of the individual prison officials knowingly disregarded a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847. Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060; and Plaintiff's reliance upon legal conclusions does not support a plausible claim for relief, Iqbal, 556 U.S. at 678. Plaintiff fails to demonstrate that any individual defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Thus, the Court finds that Plaintiff has not stated any viable Eighth Amendment claims under section 1983.

### C. **Denial of Access to Courts**

Plaintiff alleges he was denied access to the courts under the First and Fourteenth Amendments because he was not warned he was being exposed to Valley Fever and therefore

was unable to utilize the prison grievance process or file a § 1983 complaint concerning his exposure.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis at 351; Phillips, 588 F.3d at 655.

Based on Plaintiff's allegations, the court finds that Plaintiff fails to state a claim for denial of access to the courts upon which relief may be granted under section 1983. Plaintiff does not allege facts showing that he suffered an actual injury by being shut out of court. Plaintiff alleges that defendants' failure to warn him caused a delay in the filing of a court action against prison officials, but plaintiff does not allege any facts showing that he was shut out of court as a result of defendants' actions.

### D.   **Supervisory Liability**

To the extent that Plaintiff alleges liability based on Defendants' roles as supervisory officials, the Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Id. at 677. Accordingly, Plaintiff fails to state a claim against any of the Defendants in their supervisory capacities.

### E.   **Failure to Train and Supervise**

Plaintiff alleges that Defendants failed to train and supervise staff to effectively respond to the Valley Fever outbreak at PVSP.

State tort law, such as negligent failure to train and supervise, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Second Amended Complaint. Therefore, Plaintiff's claim for failure to train and supervise fails.

## V.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the Defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.    Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2.    This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 22, 2013__                              __/s/ Gary S. Austin__
                                                      UNITED STATES MAGISTRATE JUDGE