UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:09-cv-02097-AWI-GSA-PC<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT DECLARATION IN SUPPORT OF SEVENTH MOTION FOR EXTENSION OF TIME, AS INSTRUCTED BY THIS ORDER (Doc. 53.)<br><br>THIRTY DAY DEADLINE |

**I.　BACKGROUND**

Anthoney Lynch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on December 2, 2009. (Doc. 1.)

On April 22, 2013, the court entered findings and recommendations, recommending that Plaintiff's Second Amended Complaint be dismissed, with prejudice, for failure to state a claim. (Doc. 40.) Plaintiff was permitted thirty days in which to file objections to the findings and recommendations. (Id.) Plaintiff has been granted six extensions of time to file objections. (Docs. 42, 44, 46, 48, 50, 52.)

1  Plaintiff's seventh motion for extension of time to file objections is now before the
2  court. (Doc. 53.)

3  **II.   MOTION FOR EXTENSION OF TIME**

4  "When an act may or must be done within a specified time, the court may, for good
5  cause, extend the time." Fed. R. Civ. P. 6(b)(1).  Plaintiff requests thirty more days in which
6  to file objections to the findings and recommendations of April 22, 2013, on the grounds that he
7  has had limited access to the law library and difficulties accessing an "essential case" on the
8  computer. (Doc. 53 at 1:21-24.)

9  **B.   Discussion**

10  Plaintiff was initially permitted thirty days in which to file objections to the court's
11  April 22, 2013 findings and recommendations. (Doc. 40 at 7-8.) Now, nearly a year later,
12  Plaintiff is requesting a seventh extension of time to file objections, arguing that he requires
13  additional time for research. Based on Plaintiff's six previous requests for extension of time,
14  the court find no good cause to grant a seventh extension of time.

15  While Plaintiff's pleadings are afforded a certain amount of leeway as a pro se litigant,
16  see, e.g., Eldridge v. Block, 832 F .2d 1132, 1137 (9th Cir.1987), "[p]ro se litigants must follow
17  the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567
18  (9th Cir.1987); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997)
19  (per curiam). "It is well established that '[d]istrict courts have inherent power to control their
20  docket.'" Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th
21  Cir.1998) (alteration in original) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 398
22  (9th Cir.1998)); accord Ready Transportation, Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th
23  Cir. 2010). Indeed, the inherent powers permit a district court to go as far as to dismiss entire
24  actions to rein in abusive conduct. Ready Transportation, Inc. at 404 (citing see Atchison, 146
25  F.3d at 1074 (recognizing inherent power to dismiss an action to sanction abusive conduct such
26  as judge-shopping or failure to prosecute).

27  The court finds no due diligence on Plaintiff's part in attempting to file the objections
28  due in this action. In his fourth motion for extension of time, Plaintiff requested time to

research "new areas of law" and claimed he had pending deadlines in other cases which were a "hindrance (*sic*)" to his ability to file objections in this case. (Doc. 47 at 2:11,16.) In the fifth motion for extension of time, Plaintiff acknowledged that he spent time preparing a traverse due on December 5, 2013 in another court case, at the expense of meeting his deadline in this case. (Doc. 49.) Now Plaintiff claims that he needs another thirty-day extension of time.

Plaintiff is advised that there is no need to research new areas of law to file objections in this action. The court has already provided Plaintiff with the legal standards applicable to his claims in this action, and Plaintiff should not need to spend hours in the law library or at the computer conducting research to respond to the court's findings and recommendations.

Plaintiff shall be required to file a declaration within thirty days, explaining how much time and effort he has spent during the past eleven months working on the objections for this case, using dates and detailed explanations demonstrating his diligence in attempting to meet the court's deadlines.[1] Plaintiff must also inform the court of the progress he has made in preparing the objections and what specific information is needed to complete them. Plaintiff must also explain the reasons he requires extended time in the law library or at the computer to respond to the court's findings and recommendations. Plaintiff must also inform the court of all of his other pending court cases and any other court deadlines he is currently preparing to meet. In short, Plaintiff must show good cause for the court to grant him a seventh extension of time to file objections in this action.

### III.  CONCLUSION

Accordingly, THE COURT HEREBY ORDERS that:

1.  Within thirty days of the date of service of this order, Plaintiff is required to file a declaration showing good cause for the court to grant him a seventh extension of time to file objections in this actions, as instructed by this order; and

---

[1] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

2.  Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **March 17, 2014**                     **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE