UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONEY LYNCH, | 1:09-cv-02097-AWI-GSA-PC |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 40.) |
| vs. | |
| WARDEN OF PLEASANT VALLEY STATE PRISON, et al., | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| Defendants. | |
| | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| | ORDER FOR CLERK TO CLOSE CASE |

Anthoney Lynch ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2013, findings and recommendations were entered, recommending that this action be dismissed based on plaintiff's failure to state a claim upon which relief may be granted under §1983. The findings and recommendations noted that Plaintiffs claims under the Fourteenth Amendment are cognizable under the Eighth Amendment, and that the claims alleged under the Eighth Amendment fail to state a claim upon which relief can be granted. Of

significance, the findings and recommendations noted that Plaintiffs Second Amended Complaint ("SAC") "is devoid of any factual allegations supporting a claim that any of the individual prison officials knowingly disregarded a substantial risk of harm to his health or safety." Doc. # 40 at 5:14-16.  In addition, the findings and recommendations noted that the "bare fact that Plaintiff contracted Valley Fever [does not] give rise to cognizable claim." Doc. # 40 at 5:19-20 (citing Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  On July 3, 2014, plaintiff filed objections to the findings and recommendations.  (Doc. 57.)  Plaintiff's objections to the F&R's provide an explanation of the relationship of the Defendant parties to the administration of policies and procedures at Pleasant Valley State Prison where Plaintiff alleges he contracted Valley Fever.  However, Plaintiff's opposition merely restates his conclusory allegations that the Defendants failed to provide appropriate information or medical monitoring to prevent him from acquiring the disease.  As noted in the findings and recommendations, the fact that Plaintiff acquired a disease that is endemic to the environment in which a prison is situated does not give rise to a cognizable claim.  There is no claim or evidence alleged that any act by Defendants caused Plaintiff to contract the disease, nor is any evidence alleged that would support the contention that Defendants' inactions resulted in an outcome that would have been otherwise avoided.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on April 22, 2013, are adopted in full;

2. This action is dismissed, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983;

3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  See  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

  4.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  February 27, 2015                 
              SENIOR DISTRICT JUDGE