UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONEY LYNCH, | Case No.: 1:09-cv-02097-AWI-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE WHY MOTION TO REOPEN TIME TO FILE APPEAL SHOULD NOT BE DENIED AS UNTIMELY** |
| v. | |
| WARDEN OF PLEASANT VALLEY STATE PRISON, et al., | **(ECF No. 60)** |
| Defendants. | **TWENTY-ONE DAY DEADLINE** |

Plaintiff Anthoney Lynch is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 2, 2009. (ECF No. 1.) The case was dismissed on February 27, 2015 for failure to state a claim. (ECF No. 58.) Judgement was entered that day. (ECF No. 59.)

On August 17, 2015, 173 days after judgment was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal. (ECF No. 60.) The Court construed Plaintiff's filing as both a motion for an extension of time and a notice of appeal. The motion to extend time was denied as untimely. (ECF No. 61.) The appeal was transmitted to the Ninth Circuit Court of Appeals.

On November 15, 2015, the Ninth Circuit Court of Appeals remanded Plaintiff's appeal to the district court for the limited purpose of determining whether Plaintiff's

1

August 17, 2015 motion included a timely motion to reopen the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6) and if so, to rule on said motion. In so doing, the Circuit Court noted that, according to the district court docket, the February 27, 2015 judgment was not sent to Plaintiff until July 14, 2015.

Pursuant to Rule 4(a)(6), a district court may reopen the time to file an appeal if the court finds the moving party did not receive notice of the entry of judgment within twenty-one days after entry *and* the motion to reopen time to file an appeal is filed within one hundred eighty days after the judgement is entered or within fourteen days after the moving party receives notice of the entry of judgment, whichever is earlier. Fed. R. App. P. 4(a)(6)(A) and (B). It is well-settled that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and the time limits imposed by Rule 4(a)(6) are likewise mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007); Browder v. Dir. Dept. of Corrs. of Ill., 434 U.S. 257, 264 (1978). Construing Plaintiff's August 17, 2015, filing (ECF No. 60) as a motion to reopen time,[1] it appears to have been untimely.

As reflected above, notice of the February 27, 2015, entry of judgment was not served by the clerk until July 14, 2015, far more than twenty one days after its entry. Moreover, Plaintiff's motion to reopen the time for filing a notice of appeal was filed within 180 days of the judgment being entered. However, Plaintiff was still required to file the motion to reopen within fourteen days of his receipt of the notice of judgment. Fed. R. App. P. 4(a)(6). Plaintiff's August 17, 2015 motion was not mailed until August 11, 2015, twenty-eight days after the notice of entry of judgment was served on Plaintiff's institution by the Court. (ECF No. 60 at 5.)

Plaintiff will be given an opportunity to provide, and is HEREBY ORDERED to provide, within twenty-one days of the date of this Order, such evidence as he may have as to the date of his actual receipt of notice of entry of judgment or to acknowledge that

---

[1] United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011) (statement by pro se litigant in notice of appeal that he did not receive judgment should be construed as a motion to reopen time pursuant to Fed. R. App. P. 4(a)(6)).

2

his motion to reopen was untimely. Failure to respond to this order or to show that the motion was timely will result in the denial of Plaintiff's motion.

IT IS SO ORDERED.

Dated:   November 7, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE