UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>          Defendants. | **Case No.: 1:09-cv-02097-AWI-MJS (PC)**<br><br>**ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL**<br><br>**(ECF No. 60)**<br><br>**CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT COURT OF APPEALS** |

Plaintiff Anthoney Lynch is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 2, 2009. (ECF No. 1.) The case was dismissed on February 27, 2015 for failure to state a claim. (ECF No. 58.) Judgement was entered that day. (ECF No. 59.)

On August 17, 2015, 173 days after judgment was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal. (ECF No. 60.) The Court construed Plaintiff's filing as both a motion for an extension of time and a notice of appeal. The motion to extend time was denied as untimely. (ECF No. 61.) The appeal was transmitted to the Ninth Circuit Court of Appeals.

On November 15, 2015, the Ninth Circuit Court of Appeals remanded Plaintiff's appeal to the district court for the limited purpose of determining whether Plaintiff's

1

August 17, 2015 motion included a timely motion to reopen the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6) and if so, to rule on said motion. In so doing, the Circuit Court noted that, according to the district court docket, the February 27, 2015 judgment was not sent to Plaintiff until July 14, 2015.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed with the district clerk within thirty days after the entry of judgment or the order appealed from. However, a district court may reopen the time to file an appeal if the court finds the moving party did not receive notice of the entry of judgment within twenty-one days after entry *and* the motion to reopen time to file an appeal is filed within one hundred eighty days after the judgement is entered or within fourteen days after the moving party receives notice of the entry of judgment, whichever is earlier. Fed. R. App. P. 4(a)(6)(A) and (B).

Construing Plaintiff's motion as seeking to reopen the time to file an appeal, on November 8, 2016, the Court issued an order for Plaintiff to show cause why his motion to reopen time to file an appeal should not be denied as untimely. (ECF No. 64.) The Court noted that while it was true Plaintiff did not receive notice of the entry of judgment until months after it was entered, Plaintiff failed to file his motion to reopen time within fourteen days of his receipt of the entry of judgment, as Plaintiff's August 17, 2015 motion was mailed on August 11, 2015, twenty-eight days after the notice of entry of judgment was served on Plaintiff's institution. (ECF No. 60 at 5.)

Plaintiff was given twenty-one days to respond. The twenty-one day period elapsed and Plaintiff did not file a response, nor did he seek an extension of time in which to do so. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to reopen the time to file an appeal (ECF No. 60) is DENIED as untimely.

IT IS SO ORDERED.

Dated: __December 13, 2016__     /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE