UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | **Case No.: 1:09-cv-02097-AWI-MJS (PC)**<br><br>**ORDER:**<br>**(1) VACATING ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL**<br><br>**(2) DIRECTING PLAINTIFF TO SHOW CAUSE WITHIN FOURTEEN DAYS WHY MOTION TO REOPEN TIME TO FILE APPEAL SHOULD NOT BE DENIED AS UNTIMELY**<br><br>**(ECF Nos. 60 & 66)**<br><br>**FOURTEEN DAY DEADLINE**<br><br>**CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT COURT OF APPEALS** |

Plaintiff Anthoney Lynch is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 2, 2009. (ECF No. 1.) The case was dismissed on February 27, 2015 for failure to state a claim. (ECF No. 58.) Judgement was entered that day. (ECF No. 59.)

On August 17, 2015, 173 days after judgment was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal. (ECF No. 60.) The Court construed

1

Plaintiff's filing as both a motion for an extension of time and a notice of appeal. The motion to extend time was denied as untimely. (ECF No. 61.) The appeal was transmitted to the Ninth Circuit Court of Appeals.

On November 15, 2015, the Ninth Circuit Court of Appeals remanded Plaintiff's appeal to the district court for the limited purpose of determining whether Plaintiff's August 17, 2015 motion included a timely motion to reopen the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6) and if so, to rule on said motion. In so doing, the Circuit Court noted that, according to the district court docket, the February 27, 2015 judgment was not sent to Plaintiff until July 14, 2015.

Construing Plaintiff's motion as seeking to reopen the time to file an appeal, on November 8, 2016, the Court issued an order for Plaintiff to show cause why his motion to reopen time to file an appeal should not be denied as untimely. (ECF No. 64.)

Plaintiff was given twenty-one days to respond. The twenty-one day period elapsed and Plaintiff did not file a response, nor did he seek an extension of time in which to do so. Accordingly, on December 14, 2016, the Court issued an order denying Plaintiff's motion as untimely. (ECF No. 66.) That order was served on the Ninth Circuit Court of Appeals.

On December 23, 2016, however, Plaintiff filed a notice informing the Court that because he was transferred to a new institution on November 18, 2016, he did not receive the Court's order to show cause until December 14, 2016, after the deadline to respond had already elapsed.[1] (ECF No. 67.) He requests the Court grant him a thirty day extension to file a response to the Court's order to show cause.

In light of the foregoing, the Court will vacate its December 14, 2016 order denying Plaintiff's motion to reopen the time to file an appeal and grant Plaintiff additional time to respond to the order to show cause. Plaintiff will be afforded **fourteen (14) days** from the date of this order to respond.

---

[1] A Notice of Change of Address was filed with the Court on December 9, 2016. (ECF No. 65.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's December 14, 2016 order (ECF No. 66) is VACATED;

2. Within fourteen days of this order, Plaintiff shall show cause why his motion to reopen the time to file an appeal (ECF No. 60) should not be denied as untimely;

3. The Clerk of Court shall serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: December 31, 2016        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE