1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH<br><br>            Plaintiff,<br><br>      v.<br><br>WARDEN OF PLEASANT VALLEY STATE PRISON, et al.,<br><br>            Defendants. | **Case No.: 1:09-cv-02097-AWI-MJS (PC)**<br><br>**ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL AS UNTIMELY**<br><br>**(ECF No. 60)**<br><br>**ORDER DENYING MOTION TO EXCUSE UNTIMELY FILING**<br><br>**(ECF No. 69)**<br><br>**CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT COURT OF APPEALS** |

        Plaintiff Anthoney Lynch is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

        Plaintiff initiated this action on December 2, 2009. (ECF No. 1.) The case was dismissed on February 27, 2015 for failure to state a claim. (ECF No. 58.) Judgement was entered that day. (ECF No. 59.)

        On August 17, 2015, 173 days after judgment was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal. (ECF No. 60.) The Court construed

1

1   Plaintiff's filing as both a motion for an extension of time and a notice of appeal. The

2   motion to extend time was denied as untimely. (ECF No. 61.) The appeal was

3   transmitted to the Ninth Circuit Court of Appeals.

4          On November 15, 2015, the Ninth Circuit Court of Appeals remanded Plaintiff's

5   appeal to the district court for the limited purpose of determining whether Plaintiff's

6   August 17, 2015 motion included a timely motion to reopen the time to file a notice of

7   appeal under Federal Rule of Appellate Procedure 4(a)(6) and if so, to rule on said

8   motion. In so doing, the Circuit Court noted that, according to the district court docket,

9   the February 27, 2015 judgment was not served on Plaintiff's institution until July 14,

10  2015.

11         Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal

12  must be filed with the district clerk within thirty days after the entry of judgment or the

13  order appealed from. However, a district court may reopen the time to file an appeal if

14  the court finds the moving party did not receive notice of the entry of judgment within

15  twenty-one days after entry *and* the motion to reopen time to file an appeal is filed within

16  one hundred eighty days after the judgement is entered or within fourteen days after the

17  moving party receives notice of the entry of judgment, whichever is earlier. Fed. R. App.

18  P. 4(a)(6)(A) and (B). Under this Rule, Plaintiff would have had to serve his motion to

19  reopen time on or before July 28, 2015 for it to be timely. Plaintiff's August 17, 2015

20  motion to reopen was mailed on August 11, 2015, twenty-eight days after the notice of

21  entry of judgment was served on Plaintiff's institution. (ECF No. 60 at 5.)

22         On November 8, 2016, the Court issued an order for Plaintiff to show cause why

23  his motion to reopen time to file an appeal should not be denied as untimely. (ECF No.

24  64.) Plaintiff filed a response, fashioned as a motion to excuse his untimely filing, on

25  January 23, 2017. (ECF No. 69.) Therein, Plaintiff avers that during the fourteen day

26  window to file his motion to reopen the time to file an appeal, he was confined in

27  administrative segregation and had no law library access and thus, no opportunity to

28  learn the time limits proscribed by the Federal Rules of Appellate Procedure. He

2

therefore does not dispute that his motion was untimely, but rather asks for his untimeliness to be excused.

The deadlines proscribed under Rule 4(a) are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). As Plaintiff did not file his motion to reopen time within fourteen days of receipt of the judgement he seeks to have reopened or by July 28, 2015, the Court does not have the authority to reopen the time for Plaintiff to file his notice of appeal. Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994).

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to excuse his untimely filing (ECF No. 69) is DENIED; and

2.    Plaintiff's motion to reopen the time to file an appeal (ECF No. 60) is DENIED as untimely.

IT IS SO ORDERED.

Dated:    __January 27, 2017__          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE