UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONEY LYNCH,**<br>**Plaintiff**<br>v.<br>**JOHN OR JANE DOE, et al.,**<br>**Defendants** | **CASE NO. 1:09-CV-2097 AWI MJS**<br><br>**ORDER DENYING REQUEST FOR AN EXTENSION OF TIME TO FILE AN APPEAL**<br><br>(Doc. No. 60) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 action. On February 27, 2015, the Court adopted a Findings and Recommendation and dismissed this case for failure to state a claim. See Doc. No. 58. Judgment was entered the same day. See Doc. No. 59. However, the docket reflects that notice of the order adopting and judgment were not mailed to Plaintiff until July 14, 2015.

Through operation of the mailbox rule, see Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009), Plaintiff filed a motion for an extension of time to file an appeal on August 11, 2015. See Doc. No. 60.

On September 4, 2015, Magistrate Judge Austin denied Plaintiff's motion for an extension of time as untimely under Rule of Appellate Procedure 4(a)(5). See Doc. No. 61.

On November 17, 2015, the Ninth Circuit remanded the case "for the limited purpose of allowing [the district court] to determine, in the first instance, whether appellant's August 17, 2015 filing included a timely motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and if so, to rule on appellant's August 17, 2015 motion." Doc. No. 63.

On January 23, 2017, Plaintiff filed a motion to excuse untimely filing under Rule 60(b)(1).[1]  See Doc. No. 69.  Plaintiff indicated that, during the relevant time frame, he was in administrative segregation and did not have access to a law library.  See id.

On January 27, 2017, Magistrate Judge Seng denied Plaintiff's August 2015 and January 2017 motions as untimely under Rule of Appellate Procedure 4(a)(6)(B).  See Doc. No. 70.

On March 1, 2017, the Ninth Circuit again remanded the matter.  See Doc. No. 71.  The Ninth Circuit noted that, because Plaintiff had not consented to magistrate judge jurisdiction, the District Court was required to address the November 2015 remand.  See id.

*Legal Standard*

"[Rule] 4(a)(6) governs a district court's authority to reopen the time to file an appeal." United States v. Winkles, 795 F.3d 1134, 1144 (9th Cir. 2015).  In order to reopen the time to file an appeal, a movant must meet three condtions:  (1) the movant did not receive notice under Rule of Civil Procedure 77(d) of entry of judgment or the order at issue within 21 days of entry; (2) the movant filed either within 180 days of entry of the judgment or order at issue, or within 14 days of receiving notice under Rule 77(d) of entry, whichever is earlier; and (3) no party would be prejudiced through a reopening.  See Fed. R. App. P. 4(a)(6);[2] Winkles, 795 F.3d at 1144.  If a movant does not meet all three requirements, his motion to reopen the time in which to appeal must be denied.  See Fed. R. App. P. 4(a)(6) ("The district court may reopen the time to file an appeal . . . but only if all the following conditions are satisfied . . . ."); Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994).  Because of the jurisdictional nature of the time limits involved, courts lack the authority to create equitable exceptions to Rule 4(a)(6).  See Bowles v. Russell, 551 U.S.

---

[1] Prior to this motion, the Magistrate Judge had issued an Order to Show Cause on November 8, 2016.  See Doc. No. 64.  On December 14, 2016, when Plaintiff did not respond, the Magistrate Judge held that Plaintiff had not timely invoked Rule 4(a)(6).  See Doc. No. 66.  On December 23, 2017, Plaintiff responded that he was transferred and did not have an opportunity to respond to the order to show cause in a timely fashion.  See Doc. No. 67.  On January 3, 2017, the Magistrate Judge vacated his December 14 order and gave Plaintiff permission to file a response.  See Doc. No. 68.  Plaintiff's response was the January 23, 2017 motion.  See Doc. No. 69.

[2] Rule 4(a)(6) in its entirety reads:  "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

205, 214 (2007); Poff v. United States, 609 Fed. Appx. 396, 397 (9th Cir. 2015); Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000); see also Winkles, 795 F.3d at 1145.

*Discussion*

Here, Plaintiff's August 2015 motion states that he did not receive a ruling on his objections to the Findings and Recommendation, but subsequently received a judgment. See Doc. No. 60. Also, Plaintiff attaches as an exhibit a letter to the Clerk of the Court dated July 7, 2015 in which he states that he has not received a ruling or judgment. See id. When combined with the docket notation that notice was mailed to Plaintiff on July 14, 2015, the Court construes Plaintiff as averring that he did not receive notice of the order adopting the Findings and Recommendation and the judgment within 21 days of entry of those documents on the docket. Cf. United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011) (holding that a statement by a pro se litigant that he did not receive timely notice should be construed as a motion to reopen the time to file an appeal under Rule 4(a)(6)). Thus, the first condition of Rule 4(a)(6) (Rule 4(a)(6)(A)) has been met.

However, Plaintiff cannot meet the second condition, Rule 4(a)(6)(B). There are two deadline within Rule 4(a)(6)(B), and the earlier deadline is to be applied. See Fed. R. App. P. 4(a)(6)(B). Plaintiff meets the 180 day deadline, because 180 days from February 27, 2015 is August 24, 2015, and his motion was filed on August 11, 2015. With respect to the fourteen day deadline, notice was mailed to Plaintiff on July 14, 2015; thus, he was served that day. See Fed. R. Local Rule 182(f). Fourteen days from July 14, 2015 is July 28, 2015. Because the July 28, 2015 deadline is earlier, it controls. See Fed. R. App. P. 4(a)(6)(B). Because Plaintiff's motion was filed on August 11, 2015, he did not meet the July 28, 2015 deadline. Therefore, Plaintiff has not filed a timely Rule 4(a)(6) motion, and this Court cannot grant Plaintiff's motion to reopen. See Poff, 609 Fed. Appx. at 397; Vahan, 30 F.3d at 103.

Although Plaintiff has indicated that he was in administrative segregation, this is in the nature of an equitable tolling argument. As indicated above, equitable exceptions do not apply to Rule 4(a)(6). See Bowles, 551 U.S. at 214; Poff, 609 Fed. Appx. at 397; Clark, 204 F.3d at 1040. Plaintiff's Rule 4(a)(6) is untimely and must be denied. See Poff, 609 Fed. Appx. at 397; Vahan, 30 F.3d at 103.

<u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen the time to appeal under Rule 4(a)(6) is DENIED as untimely; and

2. The Clerk shall serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   March 2, 2017                             _____
                                                                           SENIOR  DISTRICT  JUDGE