UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LYNCH, | Case No. 1:09-cv-02097-AWI-JDP |
| Plaintiff, | ORDER DENYING MOTIONS TO VACATE AND TO APPOINT COUNSEL |
| v. | |
| JOHN OR JANE DOE, *et al.*, | ECF Nos. 75, 76 |
| Defendants. | |

Plaintiff, a state prisoner without counsel, filed the pending motion in his civil rights case that was closed on February 27, 2015. Plaintiff's complaint was dismissed for failure to state a claim. ECF No. 58. On August 17, 2015, plaintiff filed an untimely motion for an extension of time to file his appeal. ECF No. 60. Plaintiff's motion was denied on September 4, 2015. ECF No. 61. The Ninth Circuit remanded the order to allow the district court to consider whether the motion included a timely motion to reopen. ECF No. 63. Ultimately, the district court ruled that the motion to reopen was untimely, ECF No. 72, and the appeal was dismissed on March 14, 2017. ECF No. 73. Two years later, plaintiff filed the instant motions.

In his motion to vacate, ECF No. 75, plaintiff asks the court to vacate its order denying an extension of time to restore his opportunity to appeal. Plaintiff states that he has been taking medicine that caused him confusion and mental lapses regarding procedural requirements. *See id.*

While I am sympathetic to plaintiff's condition, I cannot find that his motion is supported by good cause to vacate the orders entered by the court in this case. Plaintiff also moves for the appointment of counsel, ECF No. 76. Plaintiff argues that his mental health issues interfere with his ability to litigate. *See id.* Plaintiff fails to state a basis for providing the extraordinary remedy of having the court seek voluntary assistance of counsel.[1]

For these reasons, I hereby order that:

1. Plaintiff's motion to vacate, ECF No. 75 is denied; and
2. Plaintiff's motion for counsel, ECF No. 76 is denied.

IT IS SO ORDERED.

Dated:  September 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204

---

[1] Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1). However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

2